JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On the night of July 23, 1998, Angela LaBordeaux and her small son fell asleep in her bedroom after watching television together. LaBordeaux's young daughter was asleep in her bedroom down the hall. The plaintiff-appellant, Charles E. Hitchcock, broke into LaBordeaux's apartment and began a course of criminal conduct chilling in both its scope and its violence. Hitchcock raped LaBordeaux repeatedly in front of her young son, stabbed them both (permanently blinding the son in one eye), attempted to electrocute them, and robbed them.
A few days later, LaBordeaux identified Hitchcock while out with her boyfriend, an acquaintance of Hitchcock's. A fight ensued and the police were summoned. Hitchcock avoided apprehension by jumping into the bed of a pickup truck that was driving by the scene and ordering the driver at gunpoint to drop him off at a certain location. The police eventually found Hitchcock at a local hospital where he had gone for treatment of the injuries sustained in the fight. At the time Hitchcock was arrested, he had crack cocaine and LaBordeaux's identification in his possession.
Following a bench trial, Hitchcock was convicted of rape, aggravated burglary, felonious assault, attempted aggravated murder, possession of cocaine, and unlawful restraint. Hitchcock now appeals his convictions, arguing that they were based on insufficient evidence and went against the manifest weight of the evidence. Whether the evidence is legally sufficient to sustain a verdict is a question of law, while a determination whether the verdict is against the manifest weight of the evidence is based on the probity and credibility of the evidence.[1] After a thorough review of the record, we hold that there was overwhelming evidence presented to prove each and every offense of which Hitchcock was convicted.
Hitchcock's assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., SUNDERMANN and WINKLER, JJ.
[1] State v. Thompkins (1997), 78 Ohio St.3d 380, 386-387,678 N.E.2d 541, 546-547, reconsideration denied (1997), 79 Ohio St.3d 1451,680 N.E.2d 1023.